1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

8

9

10

11

RIGOBERTO E. ISAZA,

Plaintiff,

v.

EARL M. TROTTER, et al.,

Defendants.

Case No. 2:15-cv-00821-JCM-PAL

**ORDER**

12   This matter is before the Court on Plaintiff Rigoberto E. Isaza's Proposed Complaint

13   (Dkt. #1) and Financial Certificate (Dkt. #2).  This proceeding is referred to the undersigned

14   pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

15   Plaintiff is a prisoner proceeding in this action *pro se*, which means that he is not

16   represented by an attorney.  *See* LSR 2-1.  Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any

17   person who is unable to prepay the fees in a civil case may apply to the Court for authority to

18   proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $350.00 filing fee.

19   Although he did not file the Court's form application to proceed IFP, Plaintiff has submitted the

20   financial affidavit and inmate trust account statement required by § 1915(a) showing that he is

21   unable to prepay fees and costs or give security for them.  Upon timely submission of an IFP

22   application, his request to proceed *in forma pauperis* would ordinarily be granted.  However, for

23   the following reasons, the Court will give Plaintiff the opportunity to withdraw his complaint.

24   Although Plaintiff submitted his proposed Complaint (Dkt. #1) on the Court's form civil

25   rights complaint pursuant to 42 U.S.C. § 1983, it alleges claims for fraud from 2004–2016,

26   "Breach of Will" from 2004–2015, and "back pay" from 2013–2016.  He filled out the form

27   asking to state what civil rights have been violated and he responded: "Article One of the Federal

28   Rights Violations Nevada Constitution Punitive Damage 14 ALRFed608 and Article 16

1

Amendments." *Id*. at 5.  Plaintiff alleges that his step father, Defendant Earl M. Trotter, deprived him of an inheritance of a home Plaintiff's mother left him in her will before she passed away in 1996.  He alleges Trotter sealed the will, moved out of the house, and moved to South Carolina in 1999.  He believes that under probate law, rent monies should have gone to the kids and that Trotter has defrauded him of $600 per month since 1999.  He claims Farmers Insurance violated the "Public Information Act" and denied him a copy of the will under color of law.  Plaintiff states that a Farmers agent told him that a sealed copy of his mother's will is at one particular Las Vegas office of the insurer.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Multiple Supreme Court decisions have recognized a "probate exception" to otherwise proper federal jurisdiction, similar to the domestic relations exception.  *See, e.g.*, *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (collecting cases).  The "probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from taking steps to dispose of property that is in the custody of a state probate court.  *Id*. at 311–12.

Nevada law clearly shows the legislature's intent to keep claims against an estate in the state probate court.  NRS 30.060 restricts actions for a declaration of heirship to state courts conducting probate, estate administration, and other limited proceedings.  The Nevada Supreme Court has also held that judicial review of a personal representative's rejection of a creditor's claim lies exclusively in the Nevada district court administering the estate.  *Bergeron v. Loeb*, 100 Nev. 54, 675 P. 2d 397, 399 (Nev. 1984).  Both state and federal case law demonstrate that this Court lacks federal jurisdiction under the "probate exception" when a plaintiff seeks to recover money damages arising out of the disposition of estate property.

Here, Plaintiff's proposed complaint alleges jurisdiction under 42 U.S.C. § 1983 for a civil rights violation, but the substance of the allegations show that he is actually seeking relief under state probate law.   Plaintiff has not properly identified any statutory basis to support this Court's jurisdiction.  If the Court grants Plaintiff IFP status, he will be required, under 28 U.S.C.

§ 1915, to pay the full $350.00 filing fee, even if his complaint is dismissed.  As explained above, the Court seriously doubts whether Plaintiff can establish a basis for federal jurisdiction. Where, as here, Plaintiff has submitted an incomplete IFP application the Court would normally grant Plaintiff an opportunity to resubmit a completed application with the required supporting documents.  However, because the Court strongly suspects Plaintiff may not be able to state a federal claim, the Court will allow Plaintiff 30 days to reconsider whether he wishes to submit an IFP application or file a notice of withdrawal of his application and complaint.  If Plaintiff wishes to pursue his claims in this Court he will have 30 days to submit a completed application. If the Court grants him IFP status, the Court will formally screen Plaintiff's complaint, and order that he pay the $350.00 filing fee in accordance with 28 U.S.C. § 1915, in full or in installments until paid in full.

For the reasons explained,

**IT IS ORDERED**:

1. The Clerk of Court SHALL RETAIN Plaintiff Rigoberto E. Isaza's Complaint and SHALL MAIL him a blank Application to Proceed *In Forma Pauperis* for incarcerated litigants.

2. Plaintiff shall have until **April 11, 2016**, to either:

   a. file a completed Application to Proceed *In Forma Pauperis*; or

   b. file a notice of withdrawal of his proposed complaint.  If he does not, the Court will screen the proposed complaint pursuant to 28 U.S.C. 1915.

3. Failure to comply with this Order by submitting (a) a completed application to proceed *in forma pauperis* or (b) a notice of withdrawal of his proposed complaint will result in a recommendation to the District Judge that this case be dismissed without further notice.

Dated this 10th day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE