UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGOBERTO E. ISAZA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EARL M. TROTTER, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-00821-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the Court on a screening of Plaintiff Rigoberto E. Isaza's Complaint. The Complaint is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

Mr. Isaza is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se*. In a separate order, the Court granted his Application to Proceed *In Forma Pauperis* (Dkt. #4). After granting a prisoner's request to proceed *in forma pauperis*, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez*

*v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured). The Court will now screen the Complaint.

## I. SCREENING THE COMPLAINT

### A. Isaza's Factual Allegations and Claims for Relief

Mr. Isaza submitted his Complaint on the Court's form civil rights complaint, which is designed for claims of civil rights violations under 42 U.S.C. § 1983. However, he alleges claims for fraud from 2004–2016, "Breach of Will" from 2004–2015, and "back pay" from 2013–2016. The form asked Isaza to state what civil rights have been violated and he responded: "Article One of the Federal Rights Violations Nevada Constitution Punitive Damage 14 ALRFed608 and Article 16 Amendments." Pl.'s Compl. at 5. Isaza alleges that his stepfather, Defendant Earl M. Trotter, deprived him of an inheritance of a home his mother left him in her will before she passed away in 1996. He alleges Trotter sealed the will, moved out of the house, and moved to South Carolina in 1999. Mr. Isaza believes that under probate law, rent monies should have gone to the kids and that Trotter has defrauded him of $600 per month since 1999. He claims Farmers Insurance violated the "Public Information Act" and denied him a copy of the will under color of law. Isaza states that a Farmers agent told him that a sealed copy of his mother's will is at one particular Las Vegas office of the insurer.

### B. Legal Standard

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice.  *Id.* at 679–80.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).  However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

For the reasons discussed below, the Court finds that the Complaint does not state a proper basis for federal jurisdiction.

**C.  Analysis**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statutes.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The plaintiff bears the burden of proving that the case is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).  As a result, a district court may raise the issue of subject matter jurisdiction on its own accord and must dismiss a case if no subject matter jurisdiction exists.  Fed. R. Civ. P. 12(h).  Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Multiple Supreme Court decisions have recognized a "probate exception" to otherwise proper federal jurisdiction.  *See, e.g.*, *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (collecting cases).  The "probate exception reserves to state probate courts the probate or annulment of a

will and the administration of a decedent's estate; it also precludes federal courts from taking steps to dispose of property that is in the custody of a state probate court." *Id*. at 311–12. Nevada law clearly shows the legislature's intent to keep claims against an estate in the state probate court. NRS 30.060 restricts actions for a declaration of heirship to state courts conducting probate, estate administration, and other limited proceedings. The Nevada Supreme Court has also held that judicial review of a personal representative's rejection of a creditor's claim lies exclusively in the Nevada district court administering the estate. *Bergeron v. Loeb*, 100 Nev. 54, 675 P. 2d 397, 399 (Nev. 1984). Both state and federal case law demonstrate that this Court lacks federal jurisdiction under the "probate exception" when a plaintiff seeks to recover money damages arising out of the disposition of estate property.

In this case, Mr. Isaza's Complaint alleges jurisdiction under 42 U.S.C. § 1983 for a civil rights violation, but the substance of the allegations show that he is actually seeking relief under state probate law. Isaza has not properly identified any statutory basis to support this Court's jurisdiction. Thus, he has failed to meet his burden of establishing a basis for subject matter jurisdiction over his Complaint and this Court lacks jurisdiction to consider his request. It is clear from the face of the Complaint that Mr. Isaza could not cure the jurisdictional deficiency by amendment; thus, the Court recommends dismissal of this case with prejudice.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff Rigoberto E. Isaza's Complaint be DISSMISSED with prejudice.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 12th day of May, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE