UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGOBERTO E. ISAZA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>EARL M. TROTTER, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-821 JCM (PAL)<br><br>ORDER |

　　　Presently before the court are the report and recommendation of Magistrate Judge Leen (ECF No. 9) regarding plaintiff Rigoberto Isaza's complaint under 42 U.S.C. § 1983 (ECF No. 8). No objections were filed, and the deadline for filing objections has now passed.

　　　This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's **report and recommendation**, then the court is required to "make a de novo determination of those portions of the [**report and recommendation**] to which objection is made." 28 U.S.C. § 636(b)(1).

　　　Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See generally United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

　　　Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge.

**James C. Mahan**
**U.S. District Judge**

The report and recommendation of Magistrate Judge Leen properly found that Isaza's complaint alleging claims for fraud from 2014–2016, "Breach of Will" from 2014–2015, and "back pay" from 2013–2016, does not state a proper basis for federal jurisdiction. While Isaza's complaint alleges jurisdiction under 42 U.S.C. § 1983, the substance of the allegations shows that he is actually seeking relief under state probate law. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court." *Marshall v. Marshall,* 547 U.S. 293, 296 (2006). Nevada law also demonstrates the legislature's intent to keep claims against an estate in the state probate court. *See* NRS § 30.060. Thus, Magistrate Judge Leen's report and recommendation properly found that state and federal law demonstrate a lack of federal jurisdiction under the "probate exception" when a plaintiff seeks to recover money damages arising out of the disposition of estate property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Leen (ECF No. 9), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's motions (ECF Nos. 10 and 11) be, and the same hereby are, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED September 13, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**